# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
August 13, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**JEFFREY S. CAMPBELL,**
**Claimant Below, Petitioner**

**vs.)   No. 13-0462**  (BOR Appeal No. 2047912)
(Claim No. 2011007499)

**COGAR MANUFACTURING, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Jeffrey S. Campbell, by Reginald Henry, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Cogar Manufacturing, Inc., by Timothy Huffman, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated April 3, 2013, in which the Board affirmed a November 26, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's April 13, 2011; November 30, 2011; December 30, 2011; January 12, 2012; and February 13, 2012, decisions closing the claim, denying authorization for medical treatment, and denying a request to reopen the claim for temporary total disability benefits.[1] The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

---

[1] Mr. Campbell has not appealed the November 30, 2011, claims administrator's decision denying a referral to the West Virginia University Sports Medicine Clinic. Additionally, Mr. Campbell has not appealed the February 13, 2012, claims administrator's decision denying authorization for physical therapy.

Mr. Campbell sustained injuries to his neck, right shoulder, left knee, and right elbow on August 19, 2010, when he tripped and fell while carrying a piece of steel. Neither the initial report of injury nor the Order or Orders holding the claim compensable are contained in the evidentiary record. On April 13, 2011, the claims administrator closed the claim after Mr. Campbell missed an appointment for an independent medical evaluation with Prasadarao Mukkamala, M.D. In its decision, the claims administrator stated that Mr. Campbell was informed by letter dated March 15, 2011, that he must explain his absence within fifteen days, and further stated that Mr. Campbell failed to respond to the letter. The claims administrator noted that the claim cannot be reopened unless the appointment with Dr. Mukkamala is rescheduled.

Following the injury, Mr. Campbell treated with Michael Kominsky, D.C. At Dr. Kominsky's request, Mr. Campbell underwent a left knee MRI on September 26, 2011, which revealed a chondromalacia of the medial femoral condyle, mild fissuring of the cartilage of the lateral patellar facet, and no evidence of a meniscal tear. On October 25, 2011, Joseph Prudhomme, M.D., performed surgery to treat right-sided carpal tunnel syndrome, DeQuervain tenosynovitis, ulnar neuropathy with cubital tunnel syndrome at the right elbow, chronic medial epicondylitis, and chronic lateral epicondylitis. On November 17, 2011, Dr. Kominsky completed a request for temporary total disability benefits from October 25, 2011, through February 1, 2012, and listed his objective medical findings as swelling from the right elbow to the fingers, limited range of motion, decreased strength, and five incision cites.

Rebecca Thaxton, M.D., performed a records review on November 22, 2011. She opined that the September 26, 2011, left knee MRI revealed findings consistent with degenerative changes, and concluded that drainage and scraping of the left knee requested by Mr. Campbell is not causally related to the only compensable component of the claim involving the left knee, namely an unspecified sprain/strain. On November 30, 2011, the claims administrator denied Mr. Campbell's request for a referral to the West Virginia University Sports Medicine Clinic. On December 9, 2011, Mr. Campbell filed a reopening application for temporary total disability benefits and requested benefits from October 25, 2011, through February 25, 2012. The physician's portion of the request indicated that Mr. Campbell sustained a progression of his compensable injury after attaining maximum medical improvement and was experiencing neck pain, lower back pain, right elbow pain with weakness, and numbness in the right hand following multiple surgical procedures performed on the right upper extremity on October 25, 2011.

In a December 23, 2011, decision, the StreetSelect Grievance Board recommended denying Mr. Campbell's request for drainage and scraping of the left knee. It concluded that a complete review of Mr. Campbell's medical records demonstrates that his work-related knee injury has fully resolved, and his current complaints are unrelated to the compensable injury and follow well documented strenuous non-work-related activity. Dr. Thaxton performed a second records review on December 30, 2011, and opined that Mr. Campbell's request for temporary total disability benefits is not causally related to the August 19, 2010, injury. She further opined that Mr. Campbell's inability to return to work arises from the October 25, 2011, right upper extremity surgery which also is not causally related to the August 19, 2010, injury.

On December 30, 2011, the claims administrator denied Mr. Campbell's request for authorization of drainage and scraping of the left knee. On January 12, 2012, the claims administrator denied Mr. Campbell's request to reopen the claim for temporary total disability benefits based on a finding that the evidence of record does not establish that his current condition is causally related to the August 19, 2010, injury. On February 13, 2012, the claims administrator denied Mr. Campbell's request for authorization of physical therapy.

On August 1, 2012, Dr. Mukkamala performed a records review. He opined that Mr. Campbell's claim should not be reopened for temporary total disability benefits because he determined that Mr. Campbell had reached maximum medical improvement in a December of 2010 independent medical evaluation. Dr. Mukkamala related Mr. Campbell's request for authorization of drainage and scraping of the left knee to the presence of degenerative changes and opined that the request is unrelated to the August 19, 2010, injury based upon the findings of the left knee MRI of record.

In its Order, the Office of Judges affirmed the claims administrator's April 13, 2011, decision closing the claim; affirmed the claims administrator's November 30, 2011, decision denying a request for a referral to the West Virginia University Sports Medicine Clinic; affirmed the claims administrator's December 30, 2011, decision denying a request for drainage and scraping of the left knee; affirmed the claims administrator's January 12, 2012, decision denying a request to reopen the claim for temporary total disability benefits; and affirmed the claims administrator's February 13, 2012, decision denying a request for authorization of physical therapy. Mr. Campbell has not appealed the denial of a referral to the West Virginia University Sports Medicine Center or the denial of authorization for physical therapy. Therefore, the issues on appeal to this Court are the closure of Mr. Campbell's claim, the denial of the request for drainage and scraping of the left knee, and the denial of Mr. Campbell's request to reopen the claim for temporary total disability benefits.

The Office of Judges found that the claims administrator did not commit an error in closing the claim following Mr. Campbell's failure to appear for an evaluation with Dr. Mukkamala. The Office of Judges determined that the evidentiary record clearly shows that Mr. Campbell failed to appear at the appointment, was subsequently instructed to explain his absence and warned that failure to explain the absence would result in a suspension of benefits, and that Mr. Campbell failed to respond. The Office of Judges properly noted that the claim remains open for the continued payment of medical treatment reasonably required to treat the compensable injuries.

Next, the Office of Judges found that drainage and scraping of the left knee does not constitute medically necessary and reasonably required treatment of Mr. Campbell's compensable injuries. Drs. Thaxton and Mukkamala opined that the need for drainage and scraping of the left knee arises from degenerative changes and is unrelated to the compensable injuries in the instant claim. Additionally, the Grievance Board concluded that the compensable knee injury had fully resolved, and found that Mr. Campbell's current complaints are unrelated to the compensable knee injury. Further, Mr. Campbell has not provided documentation from a

3

physician directly linking the request for drainage and scraping of the left knee to the August 19, 2010, injury.

Finally, the Office of Judges determined that Mr. Campbell is not entitled to a reopening of his claim for temporary total disability benefits because his inability to return to work arises from the October 25, 2011, surgical procedures performed on the right upper extremity, none of which were authorized in the instant claim and all of which are unrelated to the treatment of the compensable injuries. As noted by the Office of Judges, a reading of the requests for reopening makes it clear that the unauthorized surgical procedures performed on the right upper extremity are the sole reason Mr. Campbell is unable to return to work.

The Board of Review affirmed the reasoning and conclusions of the Office of Judges in its decision of April 3, 2013. We agree with the reasoning of the Office of Judges and the conclusions of the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  August 13, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II

**DISSENTING:**
Justice Menis E. Ketchum